**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **Michael Lee Montgomery, II,** ) | **Case No. 3:15-cv-4521-JFA-MGB** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER ON IFP, and** |
| ) | **REPORT AND RECOMMENDATION** |
| **United States Government,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This case is before the Court for initial review. The *pro se* Plaintiff has filed a "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). Plaintiff sues the United States Government as defendant. Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. Upon review, the Magistrate Judge will **grant** the Plaintiff's motion to proceed IFP, and recommend that the case be **summarily dismissed** for the following reasons:

**I.  Standard of Review**

  **A. Initial Review for non-prisoner IFP complaints**

Title 28 U.S.C.A. § 1915(e) governs IFP filings and provides that a district court must dismiss an action that the court finds to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). As for a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a

dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.

### B. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## II. Discussion

### A. Plaintiff's Application to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy

the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U .S. 331, 339 (1948). An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Id*. at 339.

In his IFP motion, Plaintiff indicates he has no income, no wages, no assets, and no money in a savings\checking account. (DE# 3, ¶¶ 2-5). On the printed form, he checks boxes indicating that in the past 12 months, he has had no income from any source. Based on the record presently before the Court, it appears that Plaintiff cannot pay the filing fee.

### B. Initial Review: The Complaint Fails to State a Plausible Claim and is Frivolous

Plaintiff has filed a Complaint that fails to state a claim, and is factually and legally frivolous.[1] In his own words, Plaintiff alleges the following:

> I have been living in a tent in the woods for a few months now. Most of the other people in the woods are employed by law enforcement. I have noticed …[illegible]…that someone has picked the lock to my tent and searched through my personal belongings. A few days ago someone slit two holes in the bottom of my tent. I believe that one of the undercover informants was given orders to search through my property and also cut a hole in my tent. I also believe that it is possible that more than one person has done this, possibly working through different law enforcement divisions. I believe that there is a good chance that President Barack Obama and Governor Nikki Haley are aware of this situation. I am requesting to summons them to the stand for interrogation along with the people employed by the FBI, CIA, SLED, DEA, US Military, and the City of Columbia Police Department. I want to interogate (sic) anyone on the payroll to see if they have heard who may have done this without a warrant and to find out who may be giving orders for them to operate in this manner.

(DE# 1 at 3, ¶ III "Statement of Claim"). The Complaint's allegations are vague, speculative, and in some respects, nonsensical. *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). Although *pro se* complaints are liberally

---

[1] The Complaint is hand-written, and Plaintiff's hand-writing is rather difficult to read.

construed, a plaintiff must do more than make vague and conclusory statements to state a plausible claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir.1994); *White v. White*, 886 F.2d 721, 723 (4th Cir.1989). A plaintiff must allege facts that actually support a plausible claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir.2003). The present Complaint fails to do so, and therefore, summary dismissal is appropriate. The Complaint's allegations lack any basis in fact or law, and therefore, are also frivolous.

In fact, this claim is so speculative and insubstantial that it may be subject to dismissal for want of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The United States Supreme Court has repeatedly held that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974); *see also, Bell v. Hood*, 327 U.S. 678, 682–683 (1946) ("a suit may sometimes be dismissed for want of jurisdiction where … a claim is wholly insubstantial"); *Neitzke*, 490 U.S at 331 n. 6; *and see Holloway v. Pagan River Dockside Seafood, Inc*., 669 F.3d 448, 452–53 (4th Cir.2012). This appears to be such a case.

Plaintiff complains that his tent in the woods was rummaged "without a warrant" and speculates that this may have been done by some unidentified person perhaps under orders from some unidentified federal agency. Merely invoking the Constitution is insufficient to confer subject matter jurisdiction where the facts alleged do not support a federal claim. *See Holloway v. Pagan River Dockside Seafood, Inc*., 669 F.3d 448, 452–53 (4th Cir.2012) (holding that complaint's factual allegations lacked specificity and did not involve any federal controversy); *Gibson v. Chaplin*, Case No. 3:13–2490–JFA–PJG, 2013 WL 6150782 (D.S.C. Nov. 21, 2013) ("The Magistrate Judge correctly opines that this court does not have subject matter jurisdiction

over this case [because] … the allegations contained in the complaint are insufficient to show that the case is one arising under the Constitution, laws, or treaties of the United States.").

In his Complaint, Plaintiff indicates that he wishes to interrogate the President of the United States, the Governor of South Carolina, the people employed by the FBI, CIA, SLED, DEA, US Military, and the City of Columbia Police Department "to see if they have heard who may have done this." Such request is vague, overbroad, and well beyond the scope of permissible discovery under the Federal Rules of Civil Procedure.

Moreover, although Plaintiff sues the "United States Government" as defendant, the United States, its departments, and agencies cannot be sued without its express consent. *United States v. Mitchell,* 463 U.S. 206, 212 (1983) (discussing the well-established legal doctrine of sovereign immunity). One of the few areas where the United States government has waived its sovereign immunity is claims for personal injuries allegedly caused by government employees. In certain limited circumstances, an injured person may sue the United States pursuant to the Federal Tort Claims Act ("FTCA") for damages alleged caused by a federal agency or employee. FTCA suits are only against the United States itself. *See, e.g., Brunson v. FBI*, Case No. 3:08-2965-JFA-BM, 2008 WL 4511049, *2 (D.S.C. Oct. 6, 2008). A plaintiff must strictly comply with FTCA requirements prior to filing suit. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). Plaintiff bears the burden of proving that he completed all conditions precedent to filing an FTCA lawsuit. *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir.1976), *cert. denied*, 429 U.S. 979 (1976).

Plaintiff does not mention the FTCA in his Complaint, much less indicate that he has complied with any pre-suit requirements, such as filing an administrative claim with the appropriate federal agency. Therefore, the Complaint is subject to summary dismissal because Plaintiff has not alleged that he has complied with FTCA requirements. See 28 U.S.C. § 2675(a)

("An action shall not be instituted upon a claim against the United States for money damages for injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

Finally, the *pro se* Plaintiff seeks relief that is unavailable or inappropriate. (DE# 1 at 5, "State briefly and exactly what you want this court to do for you."). He indicates "I am requesting that the court order the United States Government to pay me 1 zillion dollars." (*Id.*). There is no such number. See http://dictionary.reference.com (defining "zillion" as slang for an "extremely large, indeterminate number"). This Court does not award "indeterminate" monetary damages.

### III. Conclusion

Accordingly, the Magistrate Judge **ORDERS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis"* (DE# 3) is **granted**, and additionally, **RECOMMENDS** that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 17, 2016
Charleston, South Carolina

The plaintiff's attention is directed to the ***Important Notice*** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).